# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2082V

| | |
|---|---|
| JOSHUA DUNN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 3, 2025 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Ryan Nelson, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On December 6, 2023, Joshua Dunn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") (Miller-Fisher syndrome variant), a defined Table injury, after receiving an influenza ("flu") vaccine on October 6, 2022. Petition at 1 ¶¶ 3, 22. Petitioner also alleged that he received the flu vaccine within the United States, that he continues to suffer the residual effects of his GBS more than six months post-vaccination, and that neither he nor any other party has filed a civil action or received compensation for his GBS illness, alleged as vaccine-

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

related. *Id.* at ¶¶ 17, 19-20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent initially opposed compensation, arguing Petitioner had failed to provide the preponderant evidence needed to establish six-month severity. Respondent's Rule 4(c) Report at 1-2; *see* Section 11(c)(1)(D) (Vaccine Act's severity requirement). After reviewing the updated medical records provided by Petitioner (Ex. 7), Respondent now concedes that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 1. Specifically, Respondent believes "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation, (QAI) which afford [P]etitioner a presumption of causation." *Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master