# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 23-2082V

|  |  |
|---|---|
| JOSHUA DUNN, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 29, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

On December 6, 2023, Joshua Dunn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") (Miller-Fisher syndrome variant), a defined Table injury, after receiving an influenza ("flu") vaccine on October 6, 2022. Petition at 1 ¶¶ 3, 22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 3, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On December 29, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00 for his pain and suffering. Proffer at 1. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $70,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JOSHUA DUNN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 23-2082V (ECF)
Chief Special Master Corcoran

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 6, 2023, Joshua Dunn ("petitioner") filed a petition for compensation
("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -
34, as amended ("Vaccine Act" or "Act").  Petitioner alleges that he developed Miller-Fisher
syndrome ("MFS"), a variant of Guillain-Barré Syndrome ("GBS") following an influenza
("flu") vaccine administered on October 6, 2022.  Petition at 1.  On October 2, 2025, the
Secretary of Health and Human Services ("respondent") filed an amended Rule 4(c) Report
indicating that this case is appropriate for compensation under the terms of the Act for a GBS
Table injury, and on October 3, 2025, the Chief Special Master issued a Ruling on Entitlement
finding petitioner entitled to compensation.  ECF No. 31; ECF No. 32.

I.      **Compensation**

Respondent proffers that petitioner should be awarded $70,000.00 in pain and suffering.
*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This represents all elements of compensation to which petitioner is entitled under 42
U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.
Respondent recommends that the compensation provided to petitioner should be made through a
lump sum payment as described below and requests that the Chief Special Master's decision and
the Court's judgment award the following[1]: **a lump sum payment of $70,000.00, to be paid
through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement
to petitioner**.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

*/s/ Ryan A. Nelson*
RYAN A. NELSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-4027
ryan.nelson3@usdoj.gov

Dated: December 29, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future pain and
suffering.